[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11750
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60314-RSR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN MANOTAS-KARDUSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 17, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Ivan Manotas-Karduss appeals from his twenty-seven-month sentence, imposed after he pled guilty to one count of unlawful re-entry by a previously removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Manotas-Karduss argues that his sentence is procedurally and substantively unreasonable because the district court failed to consider his mitigating evidence.

I.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The party challenging a sentence bears the burden of showing that the sentence is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).  In reviewing the reasonableness of a sentence, we conduct a two-step inquiry.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  First, we ensure that the district court's sentence was procedurally reasonable, meaning that the court properly calculated the guideline range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Id*. Second, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Id.*  As the guideline range is one of many factors to be considered under § 3553(a), we have declined to hold that a within-range sentence is per se reasonable.  *United States v. Talley*, 431

2

F.3d 784, 786–87  (11th Cir. 2005) (per curiam).  Nevertheless, "the use of the Guidelines remains central to the sentencing process" and we have an "ordinary expectation" that a sentence within the guideline range will be reasonable.  *Id*. at 787–88.  We reverse a sentence as substantively unreasonable only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted).

Manotas-Karduss argues that his sentence was procedurally and substantively unreasonable because the district court failed to consider the mitigating circumstances he presented.  However, the district court expressly stated that it "considered the statements of all the parties, [the] pre-sentence report[, and] . . . the advisory Guidelines and statutory factors set forth [in] Title 18, United States Code, 3553(a)."   Moreover, based on the facts and circumstances of this case, we cannot say that the district court abused its discretion in sentencing Manotas-Karduss to a term of imprisonment at the low end of the guideline range. Therefore, the sentence is both procedurally and substantively reasonable. Accordingly, we affirm.

**AFFIRMED.**